UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL BRADWAY, | No. 2:18-cv-0899 KJN P |
| Plaintiff, | |
| v. | ORDER |
| E. GARZA, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1 | These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2 | the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3 | § 1915(b)(2).

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93

(2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Complaint

Plaintiff names three defendants: E. Garza, Custody Captain; O. Hailey, Correctional Counselor (CCI); and J. Lewis, Deputy Director, Healthcare Services, Inmate Appeals Branch. In his "statement of claim," plaintiff refers the reader to four separate exhibits, and includes brief explanatory language about the exhibit. (ECF No. 1 at 3.) As relief, plaintiff seeks an injunction ordering the California Department of Corrections and Rehabilitation ("CDCR") to provide plaintiff with permanent single cell status. (ECF No. 1 at 4.)

IV. Discussion

First, plaintiff provides no charging allegations as to each of these defendants. Plaintiff is advised that in his statement of claim, he must set forth specific facts as to what each defendant did or did not do that allegedly violated his constitutional rights. Defendants and the court are not required to ferret through exhibits in an effort to determine what claims plaintiff is attempting to plead against which defendant.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another

3

to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In the June 1, 2016 director's level decision, CDCR officials confirmed that mental health staff has no authority to write a chrono for single cell status; rather, such status is a custody determination made through the Institutional Classification Committee ("ICC") process. (ECF No. 1-3 at 9.) Thus, if plaintiff amends his complaint to challenge the denial of his single cell status as a violation of his Eighth Amendment[1] rights, he should name those prison officials who denied his status through the ICC which rendered the decision.

Second, plaintiff has no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). A prison official's denial of a grievance does not itself violate the constitution. Evans v. Skolnik, 637 Fed. App'x 285, 288 (9th Cir. 2015), cert. dism'd, 136 S. Ct. 2390 (2016). Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a

---

[1] The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2005). Prison officials must provide prisoners with medical care and personal safety and must take reasonable measures to guarantee the safety of the inmates. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).
However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040. Where the failure to protect is alleged, the defendant must knowingly fail to protect plaintiff from a serious risk of conditions of confinement where defendant had reasonable opportunity to intervene. Orwat v. Maloney, 360 F.Supp.2d 146, 155 (D. Mass. 2005) (citation omitted).

cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Thus, to the extent plaintiff is attempting to sue J. Lewis based on Lewis' rejection of plaintiff's administrative appeal, such effort is unavailing, and plaintiff should not name Lewis as a defendant in any amended complaint.

V. Leave to Amend

For the above reasons, the complaint must be dismissed. The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

|     | |
| --- | --- |
| 1   | Nevertheless, plaintiff's exhibits were separately docketed.  (ECF Nos. 1-1 through 1-4.) |
| 2   | Such exhibits remain on file with the court and may be referred to by any party.  Therefore, |
| 3   | plaintiff is not required to append exhibits to any amended complaint. |
| 4   |     In accordance with the above, IT IS HEREBY ORDERED that: |
| 5   |     1. Plaintiff's request for leave to proceed in forma pauperis is granted. |
| 6   |     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff |
| 7   | is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. |
| 8   | § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the |
| 9   | Director of the California Department of Corrections and Rehabilitation filed concurrently |
| 10  | herewith. |
| 11  |     3. Plaintiff's complaint is dismissed. |
| 12  |     4. Within thirty days from the date of this order, plaintiff shall complete the attached |
| 13  | Notice of Amendment and submit the following documents to the court: |
| 14  |       a. The completed Notice of Amendment; and |
| 15  |       b. An original and one copy of the Amended Complaint. |
| 16  | Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the |
| 17  | Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must |
| 18  | also bear the docket number assigned to this case and must be labeled "Amended Complaint." |
| 19  |     Failure to file an amended complaint in accordance with this order may result in the |
| 20  | dismissal of this action. |
| 21  | Dated:  May 7, 2018 |
| 22  | |
| 23  | /brad0899.14n                                 KENDALL J. NEWMAN<br>                                UNITED STATES MAGISTRATE JUDGE |
| 24  | |
| 25  | |
| 26  | |
| 27  | |
| 28  | |

|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| GABRIEL BRADWAY,<br><br>        Plaintiff,<br><br>   v.<br><br>E. GARZA, et al.,<br><br>        Defendants. | No. 2:18-cv-0899 KJN P<br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

      _____      Amended Complaint

DATED:

                                                        _____
                                                        Plaintiff